**ORIGINAL**



PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

06 - 492 -

| United States District Court | District Delaware |
|---|---|
| Name (under which you were convicted): Bradford K. Jones | Docket or Case No.: |
| Place of Confinement: Delaware Correctional Center | Prisoner No.: 260016 |
| Petitioner (include the name under which you were convicted) Bradford K. Jones | v. Respondent (authorized person having custody of petitioner) Thomas Carroll, warden |
| The Attorney General of the State of Delaware Carl Danberg | |

PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: The Delaware state Supreme Court and the Superior Court of New Castle County Delaware

   (b) Criminal docket or case number (if you know): ID NO. 0201008286

2. (a) Date of the judgment of conviction (if you know): May of 2004

   (b) Date of sentencing: July 9, 04

3. Length of sentence: 2 Life Terms

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☒ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: Murder 1st, Attempted murder 1st, Reckless Endangering 1st Possession of firearm during The Commission of A felony And possession of A deadly weapon By person prohibited.

6. (a) What was your plea? (Check one)

   (1) Not guilty ☒ (3) Nolo contendere (no contest) ☐

   (2) Guilty ☐ (4) Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

FILED
AUG - 8 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☒ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?

Yes ☒ No ☐

9. If you did appeal, answer the following:

(a) Name of court: Delaware state Supreme Court

(b) Docket or case number (if you know): NO. 321, 2004

(c) Result: Affirmed

(d) Date of result (if you know): August 22nd, 2005

(e) Citation to the case (if you know): SEE Exhibits (A), (B) & (C) Attached

(f) Grounds raised: Challenge To The veracity of the search warrant, Evidence Seized during The Search including, The photograph of Jones Taken By police during Course of Search and subsequent witness identification using The photograph were Tainted And Should have Been suppressed as fruits of the Poisonous Tree "Exhausted"

(g) Did you seek further review by a higher state court? Yes ☐ No ☐

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result: ______________________________

(3) Date of result (if you know): ______________________________

(4) Citation to the case (if you know): ______________________________

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☒ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Superior Court of New Castle County

(2) Docket or case number (if you know): Pending Assignment of Number

(3) Date of filing (if you know): ______________________________

(4) Nature of the proceeding: Postconviction Superior Court Rule 61

(5) Grounds raised: Ineffective Assistance of Counsel AT Trial AN Actual or Constructive Denial of Counsel During Critical Time for Suppressing veracity of Search warrat. It should Be Noted That Ineffective claims Cannot Be heard for The First Time on Direct Appeal. Petitioner Requests "stay" of Habeas proceedings To Exhaust his state postconviction Remedies on The ineffective Claim and Reserve Right To Amend.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☐

(7) Result: Pending

(8) Date of result (if you know): ______________________________

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: ______________________________

(2) Docket or case number (if you know): ______________________________

(3) Date of filing (if you know): ______________________________

(4) Nature of the proceeding: ______________________________

(5) Grounds raised: ______________________________

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ❑ No ❑

(7) Result: N/A

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ❑ No ❑

(7) Result: N/A

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: Yes ❑ No ❑

(2) Second petition: Yes ❑ No ❑

(3) Third petition: Yes ❑ No ❑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Ineffective Assistance of Counsel At Trial an Actual or Constructive denial of Counsel during Critical Time of Suppression

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The Sixth Amendment Right To The Guarantee of the Effective Assistance of Counsel At Trial. Counselors Jennifer Kate Aaronson and Joseph A. Gabay's failure To challenge veracity of search warrant, Request preservation of the Right To Pursue This issue And A stay To hold writ in Abeyance pending outcome of Exhaustion of state Remedy.

(b) If you did not exhaust your state remedies on Ground One, explain why: Both state postconviction pursuant To Superior Court Criminal Rule 61 And 28 U.S.C. 2254 are subject To the one year Time limitations.

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: ______

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Postconviction Rule 61

Name and location of the court where the motion or petition was filed: Superior Court of New Castle County

Docket or case number (if you know): Pending

Date of the court's decision: ________

Result (attach a copy of the court's opinion or order, if available): ________

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☐ Pending

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☐ N/A

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ________

Docket or case number (if you know): ________

Date of the court's decision: ________

Result (attach a copy of the court's opinion or order, if available): ________

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ________

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Direct Appeal To state of Delaware Supreme Court

GROUND TWO: ________

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): ________

(b) If you did not exhaust your state remedies on Ground Two, explain why: N/A

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ❑

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ❑ No ❑ N/A

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion or petition?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion or petition?

Yes ❑ No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ______

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: ______

GROUND THREE: ______

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): ______

(b) If you did not exhaust your state remedies on Ground Three, explain why: ______

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: ______

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ❑ No ❑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ____________________

Name and location of the court where the motion or petition was filed: ____________________

____________________

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available): ____________________

____________________

____________________

(3) Did you receive a hearing on your motion or petition?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion or petition?

Yes ❑ No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ____________________

____________________

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available): ____________________

____________________

____________________

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ____________________

____________________

____________________

____________________

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: ____________________

____________________

____________________

GROUND FOUR: ______________________________

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why: ______________

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: ______________

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☐ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ______________

Name and location of the court where the motion or petition was filed: ______________

Docket or case number (if you know): ______________

Date of the court's decision: ______________

Result (attach a copy of the court's opinion or order, if available): ______________

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ______

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: ______

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes ☐ No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: ______

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: ______

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes ☐ No ☐

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

Bradford K. Jones
Plaintiff

v. ____________________

Thomas Carroll, warden
Defendant(s)

ORDER

IT IS HEREBY ORDERED, this ____ day of _____________, 200_ that the attached Motion for Extension of Time has been read and considered.

IS IS ORDERED that the Motion is hereby GRANTED/DENIED.

IT IS FURTHER ORDERED THAT

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________
Judge

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. ___________

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes ❑ No ❑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. ___________

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: ___________

(b) At arraignment and plea: ___________

(c) At trial: ___________

(d) At sentencing: ___________

(e) On appeal: ___________

(f) In any post-conviction proceeding: ___________

(g) On appeal from any ruling against you in a post-conviction proceeding: ___________

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ❑ No ❑

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. ______________________________

______________________________

______________________________

SEE Letter to CLERK 8/1/06

IN FORMA PAUPERIS DECLARATION

38 ¢ 7/25/06
______________________________
[Insert appropriate court]

* * * * *



I/M Bradford K. Jones
SBI# 260016 UNIT 22 B upper 6
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977




FILED
AUG - 8 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**RETURN RECEIPT REQUESTED**



United States District Court
Clerk of The Court
844. N. King street Locker Box 18
Wilm De, 19801



ORIGINAL

IN THE SUPREME COURT OF THE STATE OF DELAWARE



| | | |
|---|---|---|
| BRADFORD K. JONES, | § | |
| | § | |
| Defendant Below-Appellant, | § | No. 321, 2004 |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 0201008286 |
| Plaintiff Below-Appellee. | § | |
| | § | |

06-492

FILED
AUG - 8 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Submitted: June 17, 2005
Decided: August 22, 2005

Before **STEELE**, Chief Justice, **HOLLAND** and **JACOBS**, Justices.

**<u>ORDER</u>**

This 22nd day of August 2005, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) This is defendant Bradford Jones' direct appeal from his life sentence for Murder in the First Degree and related charges. After Jones' trial counsel filed the opening brief on appeal and the State filed its answering brief, Jones filed a motion to dismiss his counsel and represent himself on appeal. Notwithstanding the untimeliness of his request, this Court remanded the matter to the Superior Court for an evidentiary hearing and recommendation on Jones' motion. Thereafter, Jones' motion was granted and his counsel was dismissed. The Court then withdrew the

previously filed briefs and re-issued a new brief schedule to allow Jones to file his own opening brief on appeal.

(2) The only issue Jones raises on appeal is a challenge to the search warrant. Jones claims the search warrant was issued as a result of deliberate falsehoods contained in the police officer's affidavit of probable cause. Thus, Jones argues, the evidence seized during the search, including the photograph of Jones taken by police during the course of the search, and any subsequent witness identifications using the photograph were tainted and should have been suppressed as "fruits of the poisonous tree."[1]

(3) Jones did not file a motion to suppress in the Superior Court in the first instance.[2] In the absence of a defense motion to suppress and a pretrial suppression hearing, there is not an adequate record upon which to conduct an appellate review of Jones' claim.[3] Jones' failure to raise the veracity of the officer's affidavit as an issue below limits the scope of our review to plain error.[4] Plain error is "limited to material defects" that are apparent on the face of the record and that "are basic, serious and

---

[1] *Wong Sun v. United States*, 371 U.S. 471 (1963).

[2] *Franks v. State*, 398 A.2d 783, 786 (Del. 1979) (holding that in "cases attacking the veracity of a sworn statement used by police to procure a search warrant the procedural requirements of [Superior Court Criminal] Rule 41(e) [dealing with motions to suppress] must be strictly adhered to").

[3] *Tricoche v. State*, 525 A.2d 151, 154 (Del.1987).

[4] Del. Supr. Ct. R. 8.

Ex. A 2 of 3

fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[5] There is no evidence in this record of plain error on the part of the Superior Court.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

Randy Holland
Justice

---

[5] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del.1986), *cert. denied*, 479 U.S. 869 (1986).

ORIGINAL

06 492

*States*, 371 U.S. 471 (1963). This claim of error fails for two reasons, one legal and one factual.

Legally, it is true that under *Franks v. Delaware* falsehoods in a warrant affidavit may require the suppression of evidence if those falsehoods are essential to the probable cause determination. Hence, the defendant's legal argument, as far as it goes, is correct. There is, however, more to the analysis. As the Supreme Court in *Franks* made abundantly clear:

06 492




> [Where] the defendant makes a substantial preliminary showing that false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that, at that hearing the allegation of perjury or reckless disregard is established by the defendant by the preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

438 U.S. at 155-56. In this case, the defendant never challenged the veracity of the warrant affidavit in Superior Court. He filed no motion to suppress evidence supported by affidavits as required by Superior Court Criminal Rule 41(f). Consequently, there was no hearing and no finding by the court regarding the warrant affidavit's veracity. Defendant's failure to raise this issue below is fatal to his present claim of error. As this Court cautioned:



Ex. B

ORIGINAL

06 492

Keith Jones, that ballistics tests had confirmed that the gun used in the Rosegate robbery was the same as that used in the Wilmington murder, and through DELJIS and probation records that a Bradford Keith Jones lived at 829 Lombard Street in Wilmington and frequented his family's residence in Oakmont. In light of this additional information, the defendant's claimed discrepancies between the warrant affidavit and the police report do not rise to the level of a "substantial preliminary showing" of falsehood sufficient to undermine the probable cause determination as required by *Franks*, 438 U.S. at 155-56. Hence, the claim fails for this reason too.

In sum, the defendant's claim that the warrant affidavit established probable cause to search only based on falsehoods comes too late and is, at best, speculative. Consequently, the judgment of the Superior Court should be affirmed.






Ex. C