IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRADFORD K. JONES, | : |
| Petitioner, | : |
| v. | : Civ. A. No. 06-492-JJF |
| THOMAS L. CARROLL, Warden, and CARL C. DANBERG, Attorney General of the State of Delaware, | : |
| Respondents. | : |

**O R D E R**

At Wilmington this 23 day of August, 2006;

IT IS ORDERED that:

1. Petitioner Bradford K. Jones' Petition For A Writ Of Habeas Corpus Filed Pursuant To 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies. (D.I. 1.)

A district court judge may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims. 28 U.S.C. § 2254(b)(1)(A).

The only claim in the Petition asserts that Petitioner's trial counsel provided constitutionally ineffective assistance of counsel. Petitioner admits that he did not exhaust state

remedies for this claim and that his motion for post-conviction relief pursuant to Delaware Superior Court Rule 61 is still pending before the Delaware Superior Court. Accordingly, it plainly appears that Petitioner is not entitled to federal habeas relief because he has not yet exhausted state remedies.[1]

2. Petitioner's Motion To Stay The Habeas Proceedings To Exhaust State Remedies is **DENIED**. (D.I. 4.) A federal district court is authorized to stay a habeas petition that contains both unexhausted and exhausted claims, and only in extremely limited situations. See Rhines v. Weber, 544 U.S. 269 (2005). The instant Petition only contains one unexhausted claim, therefore, a stay is not appropriate.

3. The Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2000).

4. The Clerk of the Court is directed close the case and to mail a copy of this Order to Petitioner.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Petitions filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Acting pro se, Petitioner is responsible for determining the events that trigger and toll the limitations period, as well as the time remaining in the limitations period once it starts again after such tolling.